United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IDEA PLACE CORPORATION,

    Plaintiff,

v.

HOWARD FRIED, et al.,

    Defendants.

No. C 04-4971 SBA

**ORDER**

[Docket No. 40]

This matter comes before the Court on the Motion for Award of Attorney's Fees [Docket No. 40] of Defendants Howard Fried, Craig Sparer, and Idea Place Noodle Shop, Inc. (collectively, "Defendants"). Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby DENIES Defendants' Motion for Award of Attorney's Fees.

**BACKGROUND**

On November 23, 2004, Plaintiff Idea Place Corporation ("Plaintiff") filed a complaint in this Court against Defendants Howard Fried, Craig Sparer, and Idea Place Noodles Shop, Inc. (collectively, "Defendants"). The complaint alleged various claims for breach of contract, breach of the covenant of good faith and fair dealing, and intentional interference with contractual or economic relations. On December 13, 2004, Plaintiff moved for a preliminary injunction, seeking to compel Defendants Fried and Sparer to execute certain documentation pursuant to their alleged contractual obligations. On February 11, 2005, the Court dismissed the action due to lack of subject matter jurisdiction after finding that Plaintiff's complaint did not state a cause of action arising under federal law and did not require the resolution of a substantial question of federal law [Docket No. 39].

On February 25, 2005, Defendants filed the instant motion for an award of attorney's fees. Defendants

contend that they are entitled to fees in the amount of $52,380 pursuant to California Code of Civil Procedure § 1717 because they were the "prevailing party" on Plaintiff's contract claim. On March 14, 2005, Plaintiff filed its opposition to Defendant's motion for an award of attorney's fees. Plaintiff opposes Defendants' motion on the grounds that Defendants are not "prevailing parties" in this action since the Court did not adjudicate Plaintiff's complaint on its merits but, instead, dismissed the action for lack of subject matter jurisdiction.

## ANALYSIS

Ordinarily, under Federal Rule of Civil Procedure 54(d), when a final judgment has been entered in a case, the "prevailing party" may make a motion for attorney's fees and costs. Fed. R. Civ. Proc. 54(d). In the Ninth Circuit, however, a defendant is not considered a "prevailing party" when dismissal is mandated by a lack of subject matter jurisdiction. *Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003) (analyzing the term "prevailing party" with respect to civil rights claims). Thus, fees and costs under Federal Rule of Civil Procedure 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction. *Id.*

Here, Defendants ignore the express holding of *Miles* and nevertheless contend that they are entitled to attorney's fees under *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 n. 31 (1975) because California Code of Civil Procedure § 1717 provides for the recovery of attorney's fees relating to contract actions.[1] However, as Defendants concede, *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 (1975), only concerns the applicability of state laws pertaining to the award of attorney's fees in *diversity* actions. *Id.* The instant case is not a diversity case. More importantly, however, the *Alyeska* court did not address the precise question here, which is whether a party may recover attorney's fees when a case has been dismissed for lack of subject matter jurisdiction. *Id.* Accordingly, Defendants' reliance on *Alyeska* is misplaced.

Further, contrary to Defendants' assertions, Defendants were quite obviously not the prevailing party *on the contract*. Indeed, the Court's conclusion that subject matter jurisdiction was lacking expressly

---

[1] California Code of Civil Procedure § 1717 provides that "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees." Cal. Code Civ. Proc. § 1717(a). Section 1717 further states that "[t]he court . . . shall determine who is the party prevailing on the contract . . . whether or not the suit proceeds to final judgment." Cal. Code Civ. Proc. § 1717(b)(1).

precluded the Court from making any findings with respect to the merits of the underlying action, including Plaintiff's breach of contract claim. Compare *Willis Corroon Corp. of Utah, Inc. v. United Capitol Ins. Co.*, 1998 U.S. Dist. LEXIS 5394 (N.D. Cal. 1998) (granting motion to dismiss after reviewing the contract and determining that the filing of the complaint violated a 30-day "standstill" provision in the contract). Further, this Court's dismissal for lack of subject matter jurisdiction in *federal court* did not foreclose the possibility that Plaintiff could pursue its contract claims in *state court*. Thus, it remains to be seen which entity is the "prevailing party" on Plaintiff's contract action.

Further, as Plaintiff correctly notes, Congress has specifically considered the costs that a party may recover when a complaint is dismissed for lack of subject matter jurisdiction and has expressly declined to include "attorney's fees" in the category of recoverable costs. *See* 28 U.S.C. §§ 1919[2] and 1920. Under 28 U.S.C. § 1920, only the following costs are potentially recoverable: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 2020.

Defendants' reliance on *Correspondent Services Corp. v. JVW Investment, Ltd.*, 2004 U.S. Dist. LEXIS 19341 (S.D.N.Y. 2004) to establish that this Court has the discretion to award attorney's fees as "just costs" pursuant to 28 U.S.C. § 1919 is unpersuasive. First, *Correspondent Services* is a district court case from the Southern District of New York and therefore is not controlling authority. Its precedential value is particularly dubious in light of the fact that *Correspondent Services* appears to be in direct conflict with the Ninth Circuit's holding in *Miles*.[3]

---

[2] Section 1919 provides that "[w]henever any action or suit is dismissed . . . for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919.

[3] In fact, the other holding in *Correspondent Services* – that a district court has "inherent" discretion to consider an application for attorney's fees as a "collateral issue" even when jurisdiction is lacking – is utterly unsupported by any relevant authorities. Specifically, the *Correspondent Services* court does not cite to any other cases in which a district court used its "inherent discretion" to award attorney's fees. *Id.* at *50. Instead, all of the cases cited by the *Correspondent Services* court concern a district court's discretion to award sanctions under Fed. R. Civ. Proc. 11. *Id.*

3

Moreover, the facts in *Correspondent Services* are not analogous to this case. Although the *Correspondent Services* court determined that it had the discretion to award attorney's fees under Section 1919 – a position this Court does not agree with – the *Correspondent Services* court also noted that attorney's fees should not be awarded *unless* exceptional circumstances exist.[4] *Id.* at * 48-50. The *Correspondent Services* court found that two factors warrant a finding of exceptional circumstances: (1) the financial burden of hardship suffered by the parties; and (2) the parties' conduct. *Id.* at 49. The court concluded that these factors had been met for numerous reasons unique to the *Correspondent Services* litigation including that: (1) the case had been proceeding for approximately four years and the parties had endured six dispositive motions and an appeal to the Second Circuit; (2) there was evidence that one of the parties had pursued its claim in bad faith, knowing that subject matter did not exist; and (3) one of the parties had sustained a substantial financial burden due to its lack of access to funds that had been wrongfully attached. *Id.* at * 1-15, 51. The *Correspondent Services* court also concluded that the assessment of fees and costs was appropriate because the court's conclusion that one of the party's had "wrongfully" attached another party's assets was "closely related to, and necessarily flow[ed] from the determination that subject matter jurisdiction [was] lacking." *Id.* at 51. Specifically, the court's determination that the amount in controversy had not been established necessitated an evaluation of the value of the asset attached. *Id.* It is quite obvious from a review of the *Correspondent Services* lengthy and fact-specific opinion that none of the factors relevant to the *Correspondent Services* court's opinion is present here.

Accordingly, Defendants have not established that they are entitled to an award of attorney's fees.

///
///
///
///

---

[4] Significantly, the district court's decision to award attorney's fees was not reviewed by – and thus not approved by – the Second Circuit on appeal. *Id.* at * 43.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Defendant's Motion for an Award of Attorney's Fees [Docket No. 40] is DENIED.

IT IS SO ORDERED.

    /s/ Saundra Brown Armstrong

Dated: 5-2-05    SAUNDRA BROWN ARMSTRONG
United States District Judge